**FILED**
**Jul 07, 2020**
**01:21 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **CHRISTOPHER DENNIS,** | ) | **Docket No.: 2018-08-1446** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No.: 78312-2018** |
| | ) | |
| **MEMPHIS LIGHT, GAS & WATER,** | ) | |
| **Employer.** | ) | **Judge Deana Seymour** |

---

## COMPENSATION HEARING ORDER

---

The Court held a Compensation Hearing on June 29, 2020, to determine Christopher Dennis's entitlement to benefits from a work-related accident. The issue is whether Mr. Dennis proved by a preponderance of the evidence that his current condition arose primarily out of his employment. For the reasons below, the Court holds he did not and dismisses the case.

### History of Claim

Mr. Dennis claimed he injured his wrists and right shoulder in a motor vehicle accident on September 21, 2018. MLGW provided a panel of physicians, from which he chose Dr. Robert Riley Jones.

Dr. Jones treated Mr. Dennis's wrists and shoulder with medication and assigned restricted duty. He ordered MRIs, which revealed a possible right-wrist ligament tear, a left wrist ligament tear, subluxation, and incomplete fracture, and a right shoulder partially torn tendon, tendinosis, and multiple bursa loose bodies.[1]

---

[1] Neither party submitted a C-32 or deposition. *See generally* Tenn. Code Ann. § 50-6-235(c) (2019). Instead, the parties stipulated to the medical records and their content as the medical proof in this case.

After reviewing the MRIs with a radiologist, Dr. Jones concluded the results "were all chronic changes" that "take months to develop." He noted that they "did not meet the 51% rule."[2] Dr. Jones diagnosed bilateral wrist strains and right-shoulder contusions from the accident and released Mr. Dennis on October 12 with no permanent impairment, restrictions, or anticipated treatment for his work injuries. He suggested Mr. Dennis consult his personal physician for further care.

Taking that advice, Mr. Dennis went to Dr. Norfleet Thompson, who reviewed the diagnostic studies and noted "age indeterminate" abnormal findings in both wrists and his right shoulder. Dr. Thompson concluded, "[T]hese are likely underlying problems aggravated by his car wreck." He noted "underlying early arthritis and widening of the scapholunate region" that "looks chronic."

Mr. Dennis also pursued unauthorized treatment at Champion Orthopedic and received diagnoses of ruptured right-wrist ligament, left-wrist fracture, and an "unspecified" right-rotator cuff tear or rupture. The providers did not address causation but noted degenerative findings.

During the hearing, Mr. Dennis disagreed with Dr. Jones's conclusion that the torn ligaments and fracture in his wrists were pre-existing, chronic changes unrelated to the accident. He claimed he never sought prior treatment for his wrists or shoulder or experienced the type of daily pain he currently has. However, he did not introduce any medical proof on causation. MLGW contended that Mr. Dennis's current condition is not primarily related to his September 2018 accident.

## Findings of Fact and Conclusions of Law

### *Standard applied*

Mr. Dennis has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a Compensation Hearing, he must establish those elements by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2019).

### *Analysis*

The determinative issue is whether Mr. Dennis established his accident caused or aggravated his current condition. To prevail, Mr. Dennis must prove that his condition "arose primarily out of and in the course and scope of employment" or that he suffered an aggravation of a pre-existing condition that "arose primarily out of and in the course and

---

[2] Dr. Jones misstates the correct legal standard. As explained in the next section, it must be shown to a reasonable degree of medical certainty that the employment contributed "more than *fifty percent*" in causing the need for medical treatment, considering all causes. (Emphasis added.)

scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed "more than fifty percent (50%) in causing the injury" or his need for medical treatment of the pre-existing condition, "considering all causes." Tenn. Code Ann. § 50-6-102(14)(B).

Medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017). The Court finds this is not an obvious, simple and routine case, and medical evidence is required to establish a causal relationship.

In this case, MLGW agreed that the accident occurred but disputes whether Mr. Dennis's current condition relates to the accident. MLGW relied on Dr. Jones's conclusions that Mr. Dennis's current condition is primarily due to non-work-related degenerative conditions. As Mr. Dennis's authorized treating physician, Dr. Jones's opinion is presumed correct. *See* Tenn. Code Ann. § 50-6-102(14)(E).

The Court finds Mr. Dennis sincere in his testimony. However, the Court cannot order benefits based on his testimony alone, as it cannot make independent medical determinations without expert medical proof. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018). Although Dr. Thompson suggested that the "underlying problems" were aggravated by the car wreck, this is not enough to overcome the presumption due to Dr. Jones's clear opinion that the injuries were chronic changes not related to the accident. Thus, the Court finds Mr. Dennis did not present sufficient medical proof that his current condition arose primarily out of his work accident.

Therefore, the Court denies Mr. Dennis's claim for benefits.[3]

**IT IS ORDERED as follows:**

1.      This case is dismissed.

2.      The Court assesses the $150.00 filing fee to MLGW, to be paid to the Court Clerk within five business days of this order becoming final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019), for which execution might issue if necessary.

3.      Absent an appeal, this order shall become final thirty days after issuance.

---

[3] Even if the Court concluded that Mr. Dennis proved his case, the Court could not award disability benefits, as he presented no proof of permanent impairment. *See* Tenn. Code Ann. § 50-6-207(3).

4.	MLGW shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

**ENTERED July 7, 2020.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**


APPENDIX

Technical record:
1.	Petition for Benefit Determination
2.	Dispute Certification Notice (June 17, 2019)
3.	Request for Expedited Hearing along with Affidavit of Christopher Dennis
4.	Expedited Hearing Order
5.	Appeals Board's Opinion Affirming and Remanding Case
6.	Scheduling Order
7.	Employer's Motion to Continue Compensation Hearing and Revise Scheduling Order Due to Covid-19
8.	Dispute Certification Notice (March 26, 2020)
9.	Order on Employer's Motion to Continue Compensation Hearing and Revise Scheduling Order Due to Covid-19
10.	Order on Scheduling Hearing
11.	Employer's Notice of Filing Post-Discovery Mediation Dispute Certification Notice
12.	Employer's Exhibit List
13.	Employer's Witness List
14.	Employer's Medical Records Designation
15.	Employer's Pre-Compensation Hearing Statement

Exhibits:
1.	Wage Statement
2.	Choice of Physicians Form – Concentra
3.	Choice of Physicians Form – Dr. Jones
4.	Medical records of Dr. Jones
5.	Final Medical Report of Dr. Jones
6.	Medical Records of Champion Orthopedics
7.	Medical Records of Campbell Clinic
8.	Imaging Records – MRI Reports

9.    Desoto Imaging Specialists Records
10.   Accident Photographs (Collective Exhibit)
11.   Employer's First Report of Work Injury

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on July 7, 2020.

| Name | Certified Mail | Via USPS | Via Email | Service sent to: |
|---|---|---|---|---|
| Christopher Dennis, Self-Represented Employee | X | X | | 1182 S. Willett Street Memphis, TN 38106 |
| Salwa Adnan Bahhur, Employer's Attorney | | | X | Salwa@thehuntfirm.com |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*